NO. 07-01-0354-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 30, 2002



______________________________




REYNALDO ROSAS, APPELLANT



V.



THE STATE OF TEXAS
, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433545; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ. and BOYD, S.J. (1)

DISMISSAL


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and
his attorney have both signed the motion representing that appellant wishes to withdraw
his notice of appeal and no longer wishes to prosecute the appeal. Tex. R. App. P.
42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is hereby dismissed and no motion for rehearing will be
entertained and our mandate will issue forthwith. 

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



 said court is ordered to convene a hearing (after notice to appellant
and other parties in interest) to determine the following matters:


 Whether appellant desires to prosecute this appeal;



 if appellant desires to prosecute this appeal then whether appellant is
indigent;
 whether appellant is entitled to a clerk's record and reporter's record, without
charge to appellant;
 whether appellant is entitled to appointed counsel;
 if appellant has counsel, whether appellant has been denied the effective
assistance of counsel arising from the delay encountered in prosecuting this
appeal; and
 what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does
not desire to prosecute this appeal, or if appellant desires to prosecute this
appeal, to assure that the clerk's record will be promptly filed and that the
appeal will be diligently pursued. 


 

 If the court determines that appellant is indigent and has been denied the effective
assistance of counsel, we order it to appoint counsel for appellant.

 We next order the court to cause a supplemental clerk's record to be developed.
The supplemental clerk's record shall include 1) a transcription of the hearing convened
to answer the questions itemized above, 2) findings of fact and conclusions of law
answering the questions itemized above, 3) the name, state bar number, and address of
any counsel appointed to represent appellant, and 4) all orders made in accordance with
this opinion. We further order the court to cause the supplemental clerk's record to be filed
with the clerk of this court on or before August 14, 2006. Should additional time be needed
to comply with this order, the district court may request the same on or before August 14,
2006.


 Per Curiam




Do not publish.